U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 1 9 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WADE PHILLIP SMITH, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-626-A |
| | § | (NO. 4:09-CR-115-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Wade Phillip Smith ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, movant's traverse, and applicable legal authorities, the court concludes that none of the grounds has merit and the motion should be denied.

I.

Background

Movant pleaded guilty, sans plea agreement, to a single count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He was sentenced to 360 months imprisonment, which was at the bottom of the applicable guideline range. Sentencing Tr. at 3, 14. Smith appealed, his attorney moved to withdraw and filed a brief pursuant to Anders v.

California, 386 U.S. 738 (1967), and the Fifth Circuit dismissed movant's appeal. United States v. Smith, 446 F. App'x 683 (5th Cir. 2011). Movant timely filed his motion pursuant to § 2255 on September 7, 2011, the government filed its response on November 1, 2012, and movant filed a traverse on November 16, 2012.

## II.

### Grounds of Motion

Movant identified three grounds for relief in his motion, all asserting claims of ineffective assistance of counsel: (1) that "counsel failed to challenge the fact that [movant] had not been arraigned on superseding indictment;" (2) that counsel failed to advise movant "that his act was simply buyer/seller introduction;" and (3) that counsel failed to object to "incorrect and false entries" in movant's presentence report ("PSI") and failed to request a departure based on movant's medication and mental health problems. Mot. at 4. In his memorandum, movant also seems to add another ground, that counsel failed to advise him of a potential plea agreement. Memo. at 3.

## III.

### Analysis

A.  Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

2

fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

3

B.  <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

In his first ground, movant contends that his counsel was ineffective for failing to challenge that movant had not been arraigned on the superseding indictment, and that, as a result, movant "was unaware of the allegations and facts which constituted the superceding counts." Memo. at 2. First, the record reflects that movant was arraigned on the superseding indictment on October 23, 2009 and that he was aware of the allegations against him. Rearraignment Tr. at 16. Second, movant identifies no deficiencies in the rearraignment that did or could have affected his guilty plea.

Movant next claims that counsel did not properly advise him about the potential consequences of pleading guilty, alludes to the alleged withholding of a plea agreement, and complains that counsel failed to inform him of the evidence of his case.[1] Movant claims that his attorney "failed to explain the risks and benefits of the plea offer, and failed to advise me that originally, there was a (twenty) 20 year plea agreement offered." Memo. at 3. First, movant's statements regarding his attorney's failure to explain the consequences to him are contradicted by his own statements in the record. A defendant's representations,

---

[1] Movant refers to the alleged plea agreement and failure of his attorney to advise him of various matters in different parts of his memorandum. For purposes of clarity and organization, the court addresses those arguments here.

5

as well as those of his attorney and the prosecutor, and any findings by the judge in accepting the plea "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). At movant's rearraignment, before movant entered a guilty plea, the court asked him if his attorney "adequately explained the consequences of you pleading guilty," and if movant was satisfied, to which movant replied, "Yes. I understand I could get a possible life sentence and a minimum up of ten." Rearraignment Tr. at 17-18. Prior to that, movant had assured the court that he had read and understood the superseding indictment and the factual resume, the court reviewed the facts with movant, and movant knowingly and voluntarily admitted the truth of such facts. Id. at 14-16.

As far as movant's allegation that his attorney failed to advise him about a plea offer "of 0-20 years," movant provides no facts indicating that any kind of plea agreement or offer ever existed, or that his attorney knew of a plea agreement. Further, the record does not reflect any mention of a plea agreement at

6

any time. Such a conclusory and self-serving allegation with no facts or evidence cannot satisfy the standard for ineffective assistance of counsel.

Movant next alleges that his counsel was somehow deficient in investigating issues and facts surrounding movant's participation in the conspiracy. Basically, it appears that movant was unhappy with the facts that went into the PSR, and wished he had known that the PSR would contain such facts before he pleaded guilty. However, the court had explained the sentencing process to movant at the rearraignment, including the process of generating the PSR, what types of information the PSR could contain, and that the court would rely heavily on the PSR in determining movant's sentence. To the extent movant claims his attorney should have investigated the facts and evidence properly, movant fails to provide any explanation as to what his attorney should have investigated, what facts or evidence his attorney did not investigate, and what difference such an investigation would have made. See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). Movant fails to provide any facts at all that could show that his

attorney's investigation and representation were anything other than objectively reasonable.

In movant's third ground, he claims that he "adamantly requested that Counsel object to the entries in the [PSR] which were both untrue and not substantiated for the purpose of reserving said for appeal," and that counsel did not make such obejctions. Memo. at 4. He also claims that his attorney failed to raise issues regarding movant's mental health conditions and "extensive amount" of psychotropic medication movant was taking. Id. First, movant does not identify which statements in the PSR warranted an objection, and why his attorney did not object. It is well-settled that the failure to make a frivolous objection cannot constitute ineffective assistance of counsel. United States v. Preston, 209 F.3d 783, 785 (5th Cir. 2000). Second, with regards to movant's medication and mental health issues, movant does not explain what his attorney could have done or how he could have objected. As the government points out, the court was well-aware of movant's mental health condition and the medications movant was taking. A professional evaluation was conducted, which concluded that movant was competent to plead guilty. See Competency Hr'g Tr.; Rearraignment Tr. at 13. A hearing was held, and the court directly asked movant about his medications and conditions at movant's rearraignment. Competency

8

Hr'g Tr.; Rearraignment Tr. at 10-14. There is nothing that movant can identify with regards to his mental status and stability that movant's attorney did or failed to do that could be considered objectively unreasonable and that prejudiced movant.

## IV.

### Order

Therefore,

The court ORDERS that the motion of Wade Phillip Smith to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED November 19, 2012.

_____
JOHN McBRYDE
United States District Judge